NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2366
_____

UNITED STATES OF AMERICA

v.

LA'VADA CRUSE,
_____

Appellant


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cr-00513-001)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2013

Before:  SLOVITER, FUENTES, and ROTH, Circuit Judges

(Filed: July 24, 2013)
_____

O P I N I O N
_____

SLOVITER, Circuit Judge.

La'Vada Cruse appeals her judgment of sentence after pleading guilty to one count of mail fraud in violation of 18 U.S.C. § 1341, two counts of tax evasion in violation of 26 U.S.C. § 7201, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). Cruse challenges the District Court's decision not to group the mail fraud and tax evasion counts for sentencing purposes, the District Court's consideration of mitigating factors and the reasonableness of her sentence. For the reasons below, we will affirm the District Court's judgment.[1]

I.

From December 2003 through May 2007, Cruse engaged in a mail fraud scheme, where she stole the identities of her friends and relatives to apply for more than ninety student loans, totaling approximately $1.7 million. Seventeen of those loan applications were approved, from which Cruse received $192,165.52. Cruse also failed to report the illicit proceeds from her scheme as taxable income.

On July 28, 2011, Cruse pled guilty, pursuant to a written plea agreement, to one count of mail fraud, two counts of tax evasion and one count of aggravated identity theft. The plea agreement stipulated that the actual loss from the mail fraud was $192,165.52 and the tax loss was $40,010.

At sentencing, the District Court determined that the Sentencing Guidelines range was 61 to 70 months, based upon a Criminal History Category of I and a total offense

_____

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

level of 21.  The District Court noted that Cruse sought a variance to a sentence of approximately 48 months, but determined that a sentence of 61 months, which was at the bottom of the Guidelines range, was appropriate.  This appeal followed.

## II.

In her opening brief, Cruse argued that the District Court should have grouped the mail fraud and tax evasion counts together for sentencing purposes pursuant to U.S.S.G. § 3D1.2(d), and that this would have resulted in a lower Guidelines range.  In her reply brief, Cruse concedes that grouping the counts would not result in a lower Guidelines range.  Therefore, even if the District Court erred in not grouping the counts, this error was harmless because it did not change the Guidelines range calculation, and did not affect Cruse's substantial rights.  *See United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011); *see also* Fed. R. Crim. P. 52(a).

## III.

Cruse argues that her sentence was procedurally unreasonable because the District Court unduly weighed the need for general deterrence and because it failed to meaningfully consider her mitigation arguments, including her youth, immaturity, and mental state at the time of the offense.  We review the District Court's sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  A sentencing judge must include enough in the record so that an appellate court may be satisfied that he considered the parties' arguments, but the judge is not required to set forth every detail on which he relied.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007) (citing *United States v. Taylor*, 487 U.S. 326, 336-37 (1988)).

3

The District Court meaningfully considered all of Cruse's arguments for mitigation, including Dr. Heilbrun's psychological evaluation and Cruse's youth, immaturity and state of mind at the time of the offense. Additionally, the District Court articulated valid reasons for the sentence concerning general deterrence. The record of Cruse's allocution and the Court's discussion satisfies us that the District Court did not abuse its discretion in weighing the § 3553(a) factors.

Lastly, Cruse argues that her sentence is substantively unreasonable. "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*) (citing *Gall*, 552 U.S. at 51). "[A]bsent any significant procedural error, we must give 'due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." *Id.* (citing *Gall*, 552 U.S. at 51). The District Court meaningfully assessed the totality of the facts in this case and imposed a reasonable sentence. Accordingly, the District Court did not abuse its discretion.

V.

For the reasons set forth, we will affirm the sentence imposed by the District Court.

4